IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RICHARD FORBES,** | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-23-1458 |
| **GENERAL COUNSEL,** *et al.,* | * | |
| Defendants. | * | |

**MEMORANDUM ORDER**

Plaintiff Richard Forbes, who is incarcerated at Eastern Correctional Institution ("ECI"), filed this civil action pursuant to 42 U.S.C. § 1983. Forbes also filed a motion to proceed in forma pauperis (ECF 2), which is granted due to his indigency.

Forbes alleges that "the tablet[s] issued by Telmate service are of very poor quality" and that, despite numerous complaints, "the signal and equipment constantly fails." ECF 1, at 4. He states that "unlimited access means [he] should not have a limited amount of time on this tablet." *Id.* at 5. As defendants, he names "General Counsel" and "Telmate Services." *Id.* at 1. Forbes seeks a refund of the purchase price of his tablet and $10,000.00 in damages. *Id.* at 4.

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). A claim "is frivolous where it lacks an arguable basis either in law or in fact," as the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as noted in Quartey v. Obama*, No. PJM-15-567, 2015 WL 13660492, at *1 (D. Md. Mar. 4, 2015). Pursuant to

§ 1915(e)(2)(B), the Court has an "unusual power" that exceeds its authority under Rule 12(b)(6). *Id.* at 327. The Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," such as when "claims describ[e] fantastic or delusional scenarios." *Id.* at 327–28.

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

Under Section 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

Forbes does not state a claim under § 1983. Neither "General Counsel" nor Telmate Services is a state actor acting color of law. Further, he has not alleged a violation of his constitutional rights. Therefore, this action cannot proceed.

Even affording this complaint a liberal construction, and assuming Forbes may not have intended to file under 42 U.S.C. § 1983, this Court still could not hear his claims because it would lack jurisdiction. A federal district court does not hear all cases. Federal district courts have jurisdiction to hear only "civil actions arising under the Constitution, laws, or treaties of the United States" and "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. §§ 1331, 1332(a)(1). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see* Fed. R. Civ. P. 12(h)(3) (stating that if at any time a court determines that it does not have subject matter jurisdiction, "the court must dismiss the action"). The party filing suit in this Court bears the burden of establishing the Court's subject matter jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see Hertz*, 599 U.S. at 96.

Here, the amount in controversy—the cost of a tablet plus $10,000—does not exceed $75,000. Thus, Forbes has not pled the amount in controversy requirement and cannot establish diversity jurisdiction. Additionally, Forbes' allegations about the quality of his tablet do not state a federal claim. The complaint must be dismissed.

Accordingly, it is this 28th day of July, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Forbes's Motion to Proceed in Forma Pauperis (ECF 2) IS GRANTED;
2. The complaint IS DISMISSED without prejudice; and

3. The Clerk SHALL CLOSE this case and SHALL SEND a copy of this order to Forbes.

_____
Deborah L. Boardman
United States District Judge